Indigo Old Corporation v. Guido is next for argument. Mr. Hollander. Good morning. May it please the Court, Gary Hollander, appearing on behalf of the Plaintiff Appellant, Indigo Old Corp., Inc. Mr. Guido's company, IS Investments, or ISI, borrowed $6 million to finance its purchase of an entity known as Indigo Studios. $4 million was borrowed from what was then known as the private bank, and $2 million was borrowed from the plaintiff, Indigo. The transaction was structured so that the bank would have the first rights to ISI's assets as security for its loan, pursuant to the terms of the subordination agreement that was executed. The subordination agreement didn't change the terms or even mention ISI's promissory note or Mr. Guido's personal guarantee with Indigo. In the subordination agreement, Indigo agreed to become the junior lender. It would potentially be delayed in being able to collect from the assets of ISI if ISI failed to meet certain financial benchmarks on its loan with the bank. In exchange for structuring the transaction this way, Mr. Guido agreed to personally guarantee the debt of ISI. And by this personal guarantee, Mr. Guido agreed to make the payments owed by ISI under the terms of the promissory note if ISI failed to make any of such payments. Mr. Guido specifically agreed in this guarantee that even if Indigo could not proceed against ISI or had waived, delayed, or outright released ISI from its obligations under the promissory note, Mr. Guido would still be liable on his personal guarantee. And it's undisputed that Mr. Guido's execution of his guarantee was a condition of Indigo proceeding with this sale transaction. The ruling from the district court dismissing the case against Mr. Guido on his guarantee fundamentally altered the transaction by refusing to enforce the terms of Mr. Guido's guarantee. The court did so based on the terms of the subordination agreement. By doing so, the court deprived Indigo of the security for the $2 million loan it made to ISI, or at the very least, seriously impaired the security. The subordination agreement, however, affected Indigo's right to collect against the assets of ISI. The subordination agreement did not mention and did not purport to change in favor of Indigo or the personal guarantee executed by Mr. Guido. And a fair summary of the language of the guarantee executed by Mr. Guido was that he could be held liable on his guarantee if, for any reason, ISI failed to make any payment due under the note. And I think most importantly to, in light of the district judge's ruling, Indigo was given the right to proceed against Mr. Guido on the guarantee, even if it granted indulgences to ISI, modified the note signed by ISI, extended or renewed the debt owed by ISI, or altogether released ISI from its obligation under the note. Mr. Guido does not allege this language is ambiguous. Counselor, our time is short and you haven't come to the district court's rationale. District court said that the subordination agreement was part of a package of documents, including the note and the guarantee, and that as a result of the subordination agreement, no payment is now or ever has been due under the note. What's wrong with that conclusion? Well, it's incorrect because the subordination agreement, as the district court also found, did not modify the terms of the note. And the district court... But it did specify when payments could be made on the note. It specified when ISI could make payments to Indigo under the note. And this is the importance of this RCJV case. Right, and that's the basis of the district court's holding, that no payment is, quote, required under the note. Well, but the question is... That's what you have to grapple with. So far you've been ignoring it. I'm happy to. The question under the guarantee is whether a payment is due under the note. The RCJV case that we relied on... Forget about cases. Just make a legal argument for why the subordination agreement should be ignored. It shouldn't be ignored, and we're not suggesting that it should be ignored. But that was the core of the district court's holding, that the subordination agreement, the note, and the guarantee are all packaged. When figuring out what's due under the note, you have to consult the subordination agreement. And the guarantee requires Guido to pay only if something was due under the note. Now, could you explain in normal terms what's wrong with that reasoning? The district court did not consider the guarantee. The district court said the two instruments that were involved in this were the note and subordination agreement. The subordination agreement allowed ISI to not pay or it actually prevented ISI from paying Indigo under certain circumstances. But the note itself wasn't modified. It still provided a payment schedule under which ISI was to pay Indigo. The court didn't look at the guarantee. Under the provisions of the guarantee, once those payments were due under the terms of the note, District Guido had the obligation to pay those amounts that were not paid in accordance with the timing in the note, in accordance with the payment schedule set forth. Yes, that's your bottom line, but it doesn't engage the district court's reasoning. That's my problem. Well, the district court's reasoning is that the obligation of the guarantor cannot be called upon if the borrower is not required to make a payment on the note. The guarantor's obligation can't be any broader than that of the borrower. Mr. Hollander, I thought what the district court was saying, correct me if I'm wrong here, is that I'm going to try to look at this all as a totality, all of it together. I'm going to do the best I can. They're not a model of clarity that way. Trying the best I can to look at them all together, I'm trying to track the district court here. It doesn't make any sense to interpret the guarantee to require a payment when I view the interaction between the subordination agreement and the underlying promissory note as actually forbidding a payment that way. Forbidding a payment by ISI. Correct. So isn't the district court's reasoning, if ISI can't make a payment because of the way the subordination agreement interacts with the promissory note, how does it make any sense to interpret the guarantee agreement to kick in a guarantee? Because she's trying to read them whole. They're all executed, what, on the same day, right? Right, but to be perfectly clear, the district court did not consider the guarantee to be part of this single instrument. Now, interestingly, on the ñ I thought, didn't she say she's trying to read it all together? No. That's what she said. No. On the amended complaint, the district court said the single instrument was the note and the guarantee. Starting with the second amended complaint, the district court said ñ And the subordination agreement. Forget second amended complaints. How many times you've amended a complaint is irrelevant. We've got a legal issue here, and I've been very frustrated by your failure to engage with the district court's reasoning. I'm just trying to define what the reasoning was. So at all relevant times, the district court said the single instrument is the subordination agreement and the note. The district court did not say the guarantee was part of that single instrument. Okay, so your argument has to be ñ tell me I'm wrong. Your argument, therefore, has to be that in the guarantee agreement, we have contracted around those other two. Right. Exactly. That's the argument. In the guarantee, Mr. Guido agreed that even if ISI ñ if Indigo ñ Indigo could have released ISI from its obligation altogether. So that requires us to kind of look at it piecemeal, doesn't it? Whereas the ñ No, I think what we do is you have to reconcile the terms of all these three separate agreements that are one single instrument and determine the intent of the parties. And the intent of Mr. Guido under the guarantee, what he agreed to to get this $2 million loan from the plaintiff, was no matter what you do with ISI, you can extend the time for payment, you can change the note, you can release ISI altogether. I will still pay you the amounts that are due as set forth in the note. Yeah, it sure would have helped if someone would have written that down in the guarantee agreement. That is ñ I mean, the guarantee agreement says that. If you grant indulgences, modify the note, extend or renew the note, or release ISI, he would still be liable on the guarantee and pay those payments. Thank you, counsel. Thank you. Thank you. Ms. Catalano. Good morning, and may it please the Court. My name is Amanda Catalano. I represent the ability of Thomas Guido. This court should affirm the district court's ruling because ISI, the principal debtor in this transaction, was never liable to make a payment under the note. And under well-established Illinois law, when the principal debtor is not liable, neither is the guarantor. This case involves the purchase and sale of a business. The plaintiff has received $4 million in cash. It can't be sufficient that the maker of the note is not required to make a payment under it That would also release the guarantee. And the guarantee is pretty clear that that isn't true. So your argument has to depend on the fact that it's all one package. That's correct, Judge Easterbrook. And as the district court correctly held, these agreements are all one package. The guarantee, the promissory note, and the subordination agreement. And the district court correctly interpreted these agreements to be one instrument, and under the plain terms of that instrument, ISI is not obligated to make any payment on the promissory note unless and until one of two conditions is met. Either the bank loan is repaid in full or certain financial conditions have been met. And it is undisputed here that those financial conditions have not been met. Can I push back on a part of this? Your adversary's point is that there's no question that the guarantee and the promissory note are linked. There's no doubt about that. The whole point of the guarantee is to guarantee obligations under the promissory note. But what he's saying is that the language in the guarantee is broad enough for it to kick in, notwithstanding how the subordination agreement intersects with the promissory note. And therefore, just given the breadth of the language, the district court went too far in concluding at the pleading stage that it's all one package. I think that's incorrect, Judge Scudder. And I would note, first of all, that the plaintiff has conceded in its briefs that the guarantee is part of this single package of instruments, at least in reply brief. Really? I believe so. And second, the plaintiff is trying to read these agreements in a vacuum. The guarantee obligates Mr. Guido under the terms of the note, but the terms of the note, as the district court correctly held, are also controlled by the terms of the subordination agreement. Illinois law is clear on this point. When multiple agreements comprise the same instrument, the court has to harmonize all of the provisions within those agreements. And here the district court properly did that. The district court held that there's a general schedule in the promissory note, and that general schedule in the promissory note is controlled by the conditions set forth in the subordination agreement. And none of those conditions have been met. The plaintiff can't look at these agreements in a vacuum. And Illinois law is clear on this point. If the principal debtor is not liable on the note, as here, because no payments are allowed, then neither can the guarantor be liable. That is notwithstanding the language of the guarantee. The plaintiff is pointing, I think, to language in the guarantee that talks about modifications or waivers or release. That's not what we're dealing with in this case. The district court did not find that the note was somehow modified or that ISI's released of its payment obligations. What the district court instead found is that ISI is not liable in the first place. The subordination agreement doesn't modify anything in the note. It must be construed in harmony with the note, because under Illinois law, those two agreements and the guarantee comprise a single instrument. So I think the plaintiff's focus is a little off here. And again, Illinois law is clear that where the principal debtor is not liable, as here, because it's undisputed, the conditions precedent for liability have not been met, then the guarantor also can't be liable. The plaintiff has not cited any cases to the contrary. None exist. I would conclude by saying, as Your Honors have stated, that the district court did construe these agreements as one instrument, as it was required to do so under Illinois law. And the plaintiff has not offered any reason to somehow read out the terms of the subordination agreement in the promissory note. The plaintiff can't do that. These agreements cannot be read in a vacuum. Under the plain and unambiguous terms of the instrument, the plaintiff agreed that ISI cannot make any payment under the note unless and until one of two conditions is met. There is no dispute that neither of those conditions has been met. So under well-established Illinois law, it is clear that the guarantor cannot be liable, because the principal also is not liable. So the district court... We've already been through that, right? If the holder of the note just says, I no longer want payment, that does not excuse the guarantor. So you can't be relying on a principal that if there's no payment due, then the guarantor can't enforce the note. You have to be relying on the package deal principle. Correct. And under the package deal principle, there is no payment due. Because the payment schedule set forth in the note cannot be read in a vacuum. That schedule is controlled by the terms of the subordination agreement. It is a package deal. When we harmonize the terms of the subordination agreement... And what do you think is your best case, state law case, for that proposition? There are several cases that we've cited in our briefs. Well, what's your best one? I think there are... One I should be sure to read. Well, in the ICF credit, the Burton case, for example, this court held that... No, look, I asked a particular question. I asked, what is your best Illinois case? I'm really not interested in what we have said or what a federal district judge has said about Illinois law. The only authentic Illinois law comes from Illinois. That's why I asked the question the way I did. Judge Easterbrook, I can't remember the case names off the top of my head, but in our brief, we do cite a spate of cases that talk about, under Illinois law, when instruments are executed simultaneously as part of the same transaction, they must be construed as one, and their terms must be harmonized. And in the ICF case as well, the court cites a number of Illinois state law cases which specifically hold that when the court is construing multiple agreements as one instrument, then any qualifications or limitations in one of those instruments that affects the provisions in the other instrument must be given effect. So as here, there are qualifications to the schedule set forth in the promissory note. Those qualifications are in the subordination agreement. They must be given effect. And those qualifications say, in no uncertain terms, that no payment is due under the promissory note unless... Let me ask you the question this way. It's not a package deal just because we say it's a package deal. You agree with that, right? Whether something is a package deal or not is a factual question. I think it's a question of law because under Illinois law, when things are executed at the same time as part of the same transaction, they must, as a matter of law, be construed as a single instrument. And I would also point out that the plaintiff, again, has agreed that these documents are part of the same instrument. The plaintiff didn't even really raise this issue on appeal. The plaintiff assumed that to be the case. I think what he's arguing is that the breadth of the language in the guarantee and the lack of anything in the guarantee agreement that's expressly causing it to intersect with the promissory note of the subordination agreement means that it kind of stands on its own here. Yeah, maybe it's all, as a matter of fact, they're all signed on the same day. I think the answer to that is twofold, if I may. First, the guarantee cannot stand on its own because under Illinois law, the liability under the guarantee, the principal debtor's liability under the guarantee is a threshold requirement for the guarantor's liability. No, it's not. We've been through this now three times. The note can be discharged or excused without excusing a guarantee. The note could be discharged in bankruptcy, so it can't be collected directly. We have a package deal rule or we have nothing, but you keep coming back to this broad proposition that if the note can't be enforced, as a matter of law, the guarantee can't be enforced, and that's just not right. I think that if the note is discharged, for example, the debt has to become due. It hasn't become due, and regardless, if we look at the- No, that's just not right, and repeating it won't make it so. It's black-letter law that a note can be discharged in bankruptcy, but the guarantee of the note still be enforced. Well, if we look at the terms of the guarantee itself, it says that Mr. Guido is liable when the principal debtor fails to make a timely payment. The timely payment is controlled by the terms of the subordination agreement. The timely payment under the agreement- Yes, this brings us back to the package deal question. Okay, I think we have your position, Counsel. Thank you. Mr. Hollander, you had four seconds left when you sat down, but we kept Ms. Catalano up a little longer, so I'll give you a minute for rebuttal. Thank you. I'll do that in less than a minute. So just to clarify, it is our position and always has been our position that there's three documents that make up this single instrument, the note, the subordination agreement, and the guarantee. As you look at the record, you will see that when the judge decided the case, when she first dismissed it and then dismissed with prejudice on the Third Amendment complaint, she said the single instrument was the subordination agreement and the note. She excluded the guarantee from that. The district court decided the case based on the general principle that counsel was just arguing that the liability of the guarantor cannot be any broader than the obligations of the principal borrower. To answer your question, Judge Easterbrook, Riley is the case that the defendant relied on primarily for Illinois law in this case. Even Riley says, unless the guarantee provides otherwise. And that's our argument in this case. The guarantee here certainly provided otherwise. The guarantee said Mr. Guido's liability is broader than the liability of the underlying borrower because no matter what happens with that debt to the borrower, when those payments are due, under the terms of the note, if they're not paid, Mr. Guido is called to make those payments pursuant to his guarantee. Unless there's questions. Thank you, counsel. The case is taken under advisement.